IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

QBE INSURANCE CORPORATION                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:09cv27-TSL-LRA

PLANTATION GOLF, INC., ET AL                                          DEFENDANTS

**ORDER**

This cause came before the Court for telephonic hearing on June 16, 2009, on the Motion to Transfer Venue filed by Defendant Plantation Golf, Inc. a/k/a Plantation Golf Club, Inc., on April 22, 2009, and joined by other Defendants. Defendant Plantation requests this Court to transfer the instant cause to the Northern District of Mississippi, Delta Division. It contends the Northern District is a more convenient forum under 28 U.S.C. § 1404(a); QBE Insurance Corporation [hereinafter "Plaintiff"] objects to the transfer. After consideration of the memoranda, the applicable law, and the argument of counsel, the undersigned finds that the motion is well advised and should be granted.

This case is a declaratory judgment regarding policies of insurance issued by Plaintiff. The underlying state court action began in the Circuit Court of DeSoto County, Mississippi, and is set for trial on the merits on November 17, 2009. It involves a complaint for damages allegedly resulting from storm water runoff and siltation caused in whole or in part by a QBE insured.

The Court has considered whether to transfer venue under the provisions of 28 U.S.C. § 1404 (a), determining whether "[f]or the convenience of parties and witnesses, in the interest of justice ..." the transfer should be made. First, the Court has determined

1

that the case could clearly have originally been brought in the Northern District of Mississippi; the claim arose there, and several Defendants reside there. According to the Fifth Circuit, a determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004), citing *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The undersigned has considered the "private concerns," as applied to this case, including:

> (1) the relative ease of access to sources of proof;
>
> (2) the availability of compulsory process, where necessary, over witnesses;
>
> (3) the cost of attendance for willing witnesses;
>
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 203, citing *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The undersigned has also considered the "public concerns," including:

> (1) the administrative difficulties flowing from court congestion;
>
> (2) the local interest in having localized interests decided at home;
>
> (3) the familiarity of the forum with the law that will govern the case; and
>
> (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

Finally, the undersigned has also considered the imposition of jury duty on citizens residing in a community having no relation to the litigation; the plaintiff's choice of forum;

and, the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendants. *Fullman v. AAA Cooper Transp. Co.*, 732 F. Supp. 54 (N.D. Miss. 1990), quoting *Radio Santa Fe, Inc. v. Sena*, 687 F. Supp. 284, 287 (E.D. Tx. 1988); *see also Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (an individualized analysis should be made in each case); *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003) (plaintiff's choice of forum a factor but not determinative).

Plaintiff is a foreign insurance corporation, organized under Pennsylvania law, with its principal place of business in New York, New York. Defendant Plantation Golf's principal place of business is in Olive Branch, Mississippi; Defendant Dan Brown is an adult resident citizen of DeSoto County, Mississippi; Defendant Brad Rainey Holmes, Inc.'s principal place of business is in Memphis, Tennessee; Defendant Ray R. Homes Construction Company, Inc.'s principal place of business is in Nesbit, DeSoto County, Mississippi. Defendant Union Standard Insurance Group is a foreign corporation, with its principal place of business in Irving, Texas, but it has an agent for service of process and an office in Meridian, Mississippi. It apparently is the only Defendant with any connection to the Southern District of Mississippi.

In this case, all damages are alleged to have occurred in DeSoto County, MS, as the lake in question is located there. Other than Defendant Union Standard, all representatives and employees of Defendants reside in either Memphis or Desoto County. Plaintiff listed nineteen potential witnesses; of these, thirteen of them reside in the Northern District of Mississippi. Several live over 100 miles from the Southern District,

3

Eastern Division, and are outside the Court's subpoena power.   Although the Department of Environmental Quality is located in Jackson, the primary DEQ official with knowledge of the case lives in Oxford.  The records of Defendants, which may be discoverable, are all located in the Northern District of Mississippi.  Travel expenses for the majority of the named witnesses would increase significantly if a trial of this case were conducted in Meridian, Mississippi.  Meals and lodging expenses for overnight stays for the witnesses would result, and the witnesses are more likely to require being absent from their employment with a Meridian trial.

Plaintiff contends that this case will be purely an issue of law and determined by dispositive motions.  If this ends up being the case, the Northern District of Mississippi could certainly make an appropriate ruling, and no inconvenience will occur for any party.  The policy in question apparently does not provide coverage for damage about which the insured knew at the time; Defendants contend that discovery may be necessary to determine the extent of the insured's knowledge and the agent's knowledge.  If depositions and document discovery are conducted, most of it will be done in the Northern District.   Defendants have requested a jury.  In the unlikely event this case is resolved by a jury, then the jurors should be members of the community which has a relation to the litigation, i.e., DeSoto County.  See *Embree v. Cutter Biologics*, 760 F.Supp. 103, 108 (N.D. Miss. 1991).

The burden is on Defendants to demonstrate that the forum of its choice – the Northern District of Mississippi – is *significantly* more convenient. *Apache Prods. Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 653 (S.D. Miss. 1994), citing *Sorrels Steel*

*Co., Inc. v. Great Southwest Corp.*, 651 F. Supp. 623 (S.D. Miss. 1986). Mindful of Defendants' burden, and after reviewing the factors that demonstrate the relative convenience of each forum, it is the opinion of the undersigned that Defendants **have** met their burden of showing that Plaintiff's choice of forum should not prevail in this case.

Plaintiff is not a Mississippi corporation, although most Defendants reside in the Northern District of Mississippi. The Court will not afford Plaintiff's choice of forum as much weight where a plaintiff sues in a forum which is not its home. *Allied International Products, Ltd. v. Textron Industries, Inc.*, 382 F.Supp. 210 (S.D. N.Y. 1974). The only connection this litigation has to the Southern District of Mississippi is the fact that one corporate Defendant has an office in Meridian.

Plaintiff's only real argument in favor of the Southern District of Mississippi as the proper venue is the fact that it chose this venue. The Court rejects its argument that many of the convenience factors do not apply because the case will likely be resolved by dispositive motions; this factor could just as easily favor a transfer. The undersigned finds that Defendants have met their burden under § 1404(a) of overcoming Plaintiff's venue choice. For all of the reasons contained in Defendants' pleadings, and for the reasons discussed above, the Court finds that this cause should be transferred to the more convenient venue of the Delta Division of the Northern District of Mississippi. Accordingly, the motion shall be granted.

IT IS, THEREFORE, ORDERED that the Defendants' Motion to Transfer Venue to the Northern District of Mississippi [#23] is **granted**.

IT IS FURTHER ORDERED that after ten days from the filing of this Order, the Clerk of the Court shall transfer this cause to the United States District Court of the Northern District of Mississippi, Delta Division, if no appeal to Judge Lee is filed.

SO ORDERED, this the 25th day of June, 2009.

                                        /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE